**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

DAVID D. HAAS, et al.,

       Plaintiffs,              :        Case No. 3:07-cv-139

                                        District Judge Walter Herbert Rice
      -vs-                            Chief Magistrate Judge Michael R. Merz

                              :

BEHR DAYTON THERMAL
 PRODUCTS, LLC,

       Defendant.

**SUBSTITUTED REPORT AND RECOMMENDATIONS**

This case is before the Court on Defendant Behr Dayton Thermal Products LLC's Renewed Motion to Dismiss Plaintiffs' Ohio Minimum Fair Wage Standards Act Claim for Lack of Jurisdiction and Motion for Costs (Doc. No. 33).

The Motion to Dismiss was filed and served on May 12, 2008. "Due to inadvertent oversight[1]" by Plaintiffs' counsel, no opposition was filed within the time allowed by S. D. Ohio Civ. R. 7.2 and the Magistrate Judge recommended granting the Motion on that basis (Report and Recommendations, Doc. No. 34). On Plaintiff's Motion for Reconsideration (Doc. No. 36), the Magistrate Judge withdrew the prior Report and now considers the Motion to Dismiss on the merits, including considering Plaintiffs' opposition (Doc. No. 12) to the original Motion to Dismiss.

---

[1] Plaintiffs' Motion Requesting Reconsideration of Magistrate's Report and Recommendations and For Leave to File Memorandum in Opposition Out of Time (Doc. No. 36), at 2.

1

**The Parties' Positions**

Plaintiffs' Complaint contains two substantive Claims for Relief[2]. The First Claim for Relief is pled under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (Complaint, Doc. No. 1, ¶¶ 20-23). The Second Claim for Relief is pled under the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Ch. 4111. *Id.* at ¶¶ 24-26. Plaintiffs assert this Court is given subject matter jurisdiction over the FLSA claim because it arises under federal law, citing 28 U.S.C. § 1331. *Id.*, ¶ 2. They further assert the Court has subject matter jurisdiction over the state law claims as a matter of supplemental jurisdiction under 28 U.S.C. § 1367. *Id.*

28 U.S.C. § 1367 authorizes federal district courts to exercise supplemental jurisdiction over state law claims which are part of the same "case or controversy"[3] as claims over which they have original jurisdiction. Defendant does not dispute that all of Plaintiffs' claims are part of the same case or controversy so that the Court could hear both claims.

Rather, Defendant asks the Court to exercise its discretion to "decline to exercise supplemental jurisdiction" over the state law claims for three reasons codified in 28 U.S.C. § 1367(c), to wit,

(1)  that Plaintiffs' refiling in this Court after dismissing a prior Ohio fair wage claims class action constitutes forum shopping, said to be an "exceptional circumstance" justifying dismissal under § 1367(c)(4);

---

[2]The Third Claim for Relief requests "prospective and injunctive relief" as to the substantive violations pled in Claims One and Two. The Court does not understand why the request for injunctive relief is separately pled in that manner.

[3]This phrase was used by Congress to have the same meaning as the same phrase in Article III so as to expand supplemental jurisdiction to its constitutional limits and avoid the satellite litigation which used to occur under "pendent jurisdiction" doctrine about whether two claims arose out of the same "nucleus of operative fact."

(2)  that Plaintiffs' state law claims predominate, justifying dismissal under § 1367(c)(2);

(3)  that Plaintiffs' state law claims raise novel questions of Ohio law, justifying dismissal under § 1367(c)(1).

(Renewed Motion, Doc. No. 33.)

In their Memorandum in Opposition to the original Motion to Dismiss, Plaintiffs noted that Messrs. Haas, Shock, and Cramer had been the named Plaintiffs in a class action under Ohio Revised Code Ch. 4111 filed in the Montgomery County Common Pleas Court in January, 2005 (Doc. No. 12 at 2.) The defined class would have included all the Plaintiffs in the present action. *Id.* Although "significant discovery concerning Defendant's overtime obligations" occurred in that case, the state court never decided any of those questions on the merits. *Id.* Instead, after a year's litigation, the state trial court denied class certification. *Id.* A year later, the Montgomery County Court of Appeals affirmed that denial of class certification. *Id.* Immediately thereafter, Plaintiffs dismissed the state action under Ohio R. Civ. P. 41. According to Plaintiffs, following the dismissal "individuals seeking to pursue their overtime claims against Behr were faced with limitations issues. To maximize the potential limitations and promote the efficient administration of justice, Plaintiffs filed the present action in federal court." *Id.* at 3.

While Plaintiffs acknowledge there are recent changes to Ohio Revised Code Ch. 4111, they assert these changes are neither novel nor complex. *Id.* at 5. They assert the state law claims do not predominate because the state and federal fair wage acts have been interpreted consistently with one another. *Id.* at 6. Finally, they assert they have not engaged in forum shopping as that practice is understood as an exceptional circumstance justifying dismissal under § 1367(c)(4). *Id.* at 7-8.

**Analysis**

First of all, Plaintiffs' refiling in this Court was plainly an exercise in forum shopping. They could have included a claim under the FLSA in their state court action when they initially filed it. Congress has expressly given state courts concurrent jurisdiction over such claims. 29 U.S.C. § 216(b). It would have been unconstitutional for the state court to refuse to adjudicate that claim. Under the Supremacy Clause, state courts are obligated to apply and adjudicate federal claims fairly presented to them. *Testa v. Katt,* 330 U.S. 386, 67 S. Ct. 810, 91 L. Ed. 967 (1947).

If, after denial of class certification, persons who are now Plaintiffs but were not named in the state case had, as they now assert, a desire to make use of the federal limitations statute, they could have amended their state court complaint to add parties and the FLSA claim. Ohio R. Civ. P. 15 which would have governed any such amendment, is liberally construed, as is Fed. R. Civ. P. 15. *Compare State, ex rel. Hackworth, v. Hughes*, 97 Ohio St. 3d 110, 114 (2002), with *Foman v. Davis*, 371 U.S. 178, 93 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Plaintiffs have never explained in their motion papers why, if their concern is the FLSA statute of limitations, they could not have met that concern by including FLSA claims in their state action. Put simply, it is the federal cause of action, not the federal forum, which provides the federal statute of limitations[4].

Plaintiffs characterize their refiling as a "valid tactical choice" to distinguish it from forum shopping. They recognize, however, the Sixth Circuit authority which finds forum shopping when a plaintiff who has suffered a setback in one court, refiles to try his luck somewhere else. *Rogers v. Wal-Mart Stores, Inc*., 230 F.3d 868, 874 (6th Cir. 2000). To escape application of that analysis to them, they assert that the state court had never ruled on the merits of their claims. However, they

---

[4]This analysis puts to one side the arguments between the parties about whether the federal statute of limitations is or is not more favorable to Plaintiffs. The federal limitations question is forum neutral.

4

must have regarded denial of class certification as a major setback because they appealed that decision rather than adding plaintiffs in the trial court and then dismissed the action voluntarily once denial of class certification was affirmed. Initial forum shopping by plaintiffs is usually protected by the venue statutes and will seldom be disturbed by the courts, but we are concerned here with choosing a new forum after a substantial setback in the originally chosen forum[5].

Secondly, it appears that Plaintiffs' state law claims "predominate" in the sense that they may be entitled to a longer statute of limitations on their state claims than on the FLSA claims. This is a weak conclusion, however, because most of the questions of law appear to be the same under the state and federal statutes. Thus, the state law claims "predominate" only in the respect that Plaintiffs may have a larger recovery under the state statute.

Finally, there are novel questions of state law raised by Plaintiffs' state law cause of action. As noted by Defendant, the Ohio Fair Wage statute was amended, effective April 4, 2007, to implement the Ohio Fair Minimum Wage Amendment to the Ohio Constitution adopted November 7, 2006 (Doc. No. 33 at 15, n. 16.) The statute, H.B. 690, lengthens the Ohio statute of limitations and permits recovery of "two times back wages" in some instances. *Id*. Whether these amendments would apply to pre-existing claims such as those in this case and indeed how the double wages provision is to be interpreted have apparently not yet been the subject of authoritative interpretation in the Ohio courts; at least neither party cites any such case law. These questions seem to fit precisely within 28 U.S.C. § 1367(c)(1).

Plaintiffs demur to this conclusion by asserting the federal courts decline to exercise jurisdiction under 1367(c)(1) only when the **validity** of the state law is in question. (Memorandum in Opposition, Doc. No. 12, at 5, citing *Doe v. Sundquist,* 106 F.3d 702, 707 (6th Cir. 1997). In *Doe*,

---

[5]As Defendant notes, Plaintiffs protected their initial choice of forum by not including an FLSA claim in their initial state court complaint, which would have made the state court case removable to federal court under 28 U.S.C. § 1441.

the Sixth Circuit took the unusual step of applying 1367(c)(1) in the first instance itself and ordered the District Court not to exercise supplemental jurisdiction out of comity concerns. In no way did it limit 1367(c)(1) to validity questions and indeed recognized that, if such questions are important to the case, federal courts might well abstain under the much older doctrine of *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 85 L. Ed. 971, 61 S. Ct. 643 (1941). *Doe*, 106 F.3d at 708, n.1. Deference to the state courts under § 1367(c)(1) is not limited to questions of the validity of state statutes, either by its text or by interpretive case law.

Because the Plaintiffs' state law claims are in this Court as a result of inappropriate forum shopping, present novel questions of state law, and predominate over the federal claims, this Court should decline to exercise supplemental jurisdiction over those claims, dismissing them without prejudice. If the Court adopts this conclusion, it need not decide Defendant's alternative motion for costs.

June 14, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).